UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 1 4 2015
PER_____
DEPUTY CLERK

JOHNATHAN ROBINS, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-2271
:
PA. DEPT. OF CORRECTIONS, et al., : (Judge Kosik)
:
    Defendants :

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Johnathan Robins ("Plaintiff"), an inmate confined at the State Correctional Institution at Rockview, Pennsylvania. The only defendant remaining is Wendy Depew, a Classifications Staff Member at the State Correctional Institution at Camp Hill, Pennsylvania.[1] The matter proceeds on an amended complaint submitted on February 15, 2012. (Doc. 10.) Presently pending are motions filed by Plaintiff to amend the complaint (Doc. 48), to compel discovery (Docs. 46, 57) and to direct Defendants to charge a reasonable rate for copies (Doc. 56).

**I.    Background**

---

[1] Additional defendants DOC, Smeal and Wetzel were dismissed from this action on February 21, 2013. (Doc. 26.)

Plaintiff alleges that in August of 2010, while confined at SCI-Camp Hill, he was seen by Defendant Depew to determine what programs would be recommended for him. He claims that participation in a "Batterer's Group" was never mentioned at that time, and no discussion took place with respect to him ever having assaulted anyone.

Plaintiff was thereafter transferred to SCI-Smithfield. On October 7, 2010, he was informed that he would have to participate in a "Batterer's Group" because he was placed in such a group by SCI-Camp Hill classification staff prior to his transfer. According to Defendant Depew, Plaintiff had informed her that he had verbal and physical fights with his wife. Plaintiff denies ever having made such statements to any SCI-Camp Hill classification staff member, and argues that the Batterer's Group has nothing to do with his underlying criminal conviction.

Plaintiff's grievance and the appeals therefrom requesting to be removed from the recommendation/requirement that he participate in a Batterer's Group were unsuccessful. Plaintiff maintains that the DOC administration has not allowed him to challenge this false information contained in his record which is causing him to be placed in the Batterer's Group. He claims that his failure to participate in the group will hurt his chance of parole, as well as impact his ability to seek custody of his son and find a job upon release from prison. Plaintiff asserts a liberty interest in not being falsely labeled, since he has not been convicted on any type of assault charges. He

2

seeks to impose liability on Depew, because she is the Classification Staff Member responsible for putting the false information in his file and recommending him for participation in a Batterer's Group. As relief, Plaintiff requests that the requirement/ recommendation that he participate in a Batterer's Group be removed, and that the false information contained in his record be corrected.

A scheduling order was issued on January 9, 2014, directing that all discovery be completed by April 8, 2014, and any dispositive motions be filed by May 8, 2014. (Doc. 44.)

## II. Discussion

### A. Motion to File an Amended Complaint

On January 30, 2014, Plaintiff filed a motion seeking leave to further amend his complaint. (Doc. 48.) A brief in support of the motion with a proposed amended complaint has also been filed. (Doc. 49.) The gist of Plaintiff's amendment is that he seeks to "better clarify" his claim as set forth in the standing amended complaint, and to set forth a claim to remove other false statements in his classification record of which he is now aware. Specifically, he states that Depew's statement that he violated parole is also false.

After amending a pleading once as a matter of course, Federal Rule of Civil Procedure 15(a)(2) permits plaintiffs to amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Cv. P. 15(a)(2). Pursuant to this

3

Rule, the court should freely give leave when justice so requires. Id. Thus, the trial court has the discretion as to whether to grant or deny a request for leave to file an amended pleading. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001)("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.") "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc.v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981)(citing Foman v. Davis, 371 U.S. 178, 182 (1962). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." Chancellor v. Pottsgrove Sch. Dist., 501 F.Supp.2d 695, 700 (E.D. Pa. 2007).

In the instant case, Plaintiff amended his complaint once as a matter of right, and once in February of 2013, to identify Defendant Depew. An answer to the complaint was filed by Depew in July of 2013. At the time Plaintiff filed this latest motion to amend, the discovery period was almost expired. Moreover, responses to Plaintiff's discovery requests were provided in October of 2012, about three (3) months prior to the filing of the instant motion.

In opposing any request to amend the complaint at this juncture, Defendant's

arguments are well-taken. First, Plaintiff again seeks to include the DOC as a defendant. However, this defendant has previously been dismissed from this action pursuant to Eleventh Amendment immunity. In addition, the DOC is not a "person" within the meaning of Section 1983.

In addition, the proposed amended complaint basically only seeks to add one new factual allegation, that being the claim that Depew also falsely included in the classification report that Plaintiff violated parole conditions. As such, his claim against Depew is that she placed false information in his file. However, including this additional fact does not change the nature of the standing amended complaint or the pending substantive claims before the court. Plaintiff's pending challenge is to false information placed in the classification report by Depew and her failure to challenge or correct the report. For all of these reasons, the court will deny the pending motion to amend.

**B.    Motions to compel**

Pending are two motions to compel filed by Plaintiff. The first motion seeks to compel Defendant to produce the redacted portions of his Initial Classification Summary as provided to him in discovery.[2] While Plaintiff does not attach the

---

[2] Specifically, Plaintiff references redactions contained in the following sections of his Initial Classification Summary: Section 6.1 "Overall Adjustment", Section 7.9 "Mental Health History", and Section 9 "Counselor Summary." (Doc. 46 at 1.)

5

relevant documents, Defendant has included them with her opposition to Plaintiff's motion.

Plaintiff contends that he needs to see the redacted information ". . . to see if there are more false statements made by Depew that would negatively effect Plaintiff's future, that needs correction." (Doc. 47 at 3.) He also claims that his mental health history cannot be considered confidential since it is his own personal information, and therefore cannot be kept from him. Plaintiff requests that the court perform an in camera review of the redacted material to determine if he should be permitted to see it.

Pursuant to Federal Rule of Civil Procedure 37, parties may move for an order compelling disclosure or discovery. Fed. R. Civ. . 37(a)(3). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). Fed. R. Civ. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Once an objection

6

has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Momah, 164 F.R.D. at 147. Then, the party opposing discovery must convince the court why discovery should not be had. Id. (citing Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 118-19 (N.D. Ind. 1991)).

In providing Plaintiff with a copy of his Initial Classification Summary, Defendant redacted information from the document consisting of social security numbers, dates of birth, names of juveniles and victims, and summaries and assessments completed by counselors. The basis of the redactions are that they are confidential and/or privileged. With respect to the summaries and assessments by counselors, Defendant maintains that the value of these sections in the classification summary depends upon their frankness, and that if revealed to an inmate, the DOC professionals would tend to refrain from entering candid opinions and evaluations. Moreover, if an inmate was aware of a DOC staff member's evaluations and interpretations of his behaviors, the inmate would be capable of manipulating the resulting determination with respect to classification decisions.

The court has reviewed the unredacted copy of the Classification Summary Report submitted by Defendant and finds Defendant's opposition to disclosing the redacted information to be well-grounded for the reasons stated above. In addition, Plaintiff's justification for compelling the production of this information, namely to

see if there is any additional false information in his report, is unavailing.

To the extent Plaintiff argues he is entitled to his own mental health history, he is correct only to the extent that he is able to request and review his mental health records from the DOC. However, in the instant matter, he requests a section of his Classification Summary wherein his psychological assessment is summarized, and not his actual mental health records. For all of these reasons, his motion to compel the redacted portions of his Initial Classification Summary will be denied.

Plaintiff also filed a second discovery motion wherein he seeks to compel a copy of his pre-sentence investigation report. (Doc. 57.) Because inmates are only allowed to access their sentencing data, but not the broader information in a criminal docket sheet such as a pre-sentence investigation report, Plaintiff's motion will be denied. See Cunningham v. Pennsylvania Dept. of Corrections, 990 A.2d 1205, 1207 (Pa. Commw. Ct. 2010). Furthermore, even if the DOC maintains a copy of the pre-sentence investigation report, Plaintiff is not permitted to access it after sentencing without an order from the sentencing judge. See Pa. R. Crim. P. 703(C). To the extent Plaintiff also seeks injunctive relief in the form of an order directing Defendant Depew to correct any alleged inconsistencies in his pre-sentence report, he fares no better in that the report was not created by Depew. For these reasons, the pending motion to compel will be denied.

### C. Motion to have Defendant charge a reasonable copy fee

Plaintiff has filed a motion requesting that Defendant be directed to file a reasonable rate for copies of discovery documents. He contends that Defendant "is trying to charge [him] $16.25 to copy (2) pages." (Doc. 56 at 1.) He claims he has previously been paying .10¢ per page. Although Plaintiff wrote to the prison Superintendent, he would not correct the overcharge. (Id. at 3.)

In opposing this motion, Defendant states that Plaintiff requested the copies through an Inmate Request to Staff Member form to the Records Department at SCI-Rockview. His request for copies was not sent to Defendant, who is an employee at SCI-Camp Hill. In addition, the copies requested are not relevant to the claims in this action. Rather, the copies Plaintiff sought and was charged for relate to records from his criminal case prior to his incarceration. (See Doc. 56 at 4.) Defendant was not involved in Plaintiff's underlying criminal matter. For all of the above reasons, Plaintiff's pending motion will be denied.

An appropriate order follows.